By the Court. Bosworth, J.
The draft or bill, drawn by the master to his own order, on Gr. &. J. Sherman, two of the defendants, and which they refused to accept, by its own mere force never gave to any holder of it a right of action against either defendant.
When it was negotiated to the plaintiff, the account of Whittaker & Sampson was not transferred with it. The plaintiff cashed the draft for Ramsdell, and the money received was paid to Whit-taker & Sampson in satisfaction of the balance of their account. They did not endorse it, and were not parties to it. Payment to them extinguished all claims which they had either against Rams-dell, or the owners of the vessel. Any subsequent assignment by them of the account would transfer no right to the assignee.
The drawing of the bill by the master, and the negotiation of it by him, if it had been negotiated without the assistance of Whittaker & Sampson, could not transfer or affect their claim, if they had any, upon the owners of the vessel.
The claim, which the complaint alleges was subsequently assigned to the plaintiff, and which, the assignment shows, was *16 made on the 5th of July, 1850, was a claim of Whittaker & Sampson against the bark Ophir and owners. This claim had been fully paid and satisfied to them as early as the 31st of August, 1849.
Even if they had a valid claim against the owners to the amount of the bill, and they had drawn a mere bill of exchange to the plaintiffs’ order on the defendants, for a sum equal to the balance of the account, and the plaintiff had bought the bill of them, the mere negotiation of the bill would not have operated as an assignment of the account. (Cowperthwaite v. Sheffield, 2 Coms. 243; Luff v. Pope, 5 Hill, 413; 7 id. 577.) But the bill in question was not drawn by them, but by Ramsdell.
Its proceeds satisfied their claim in full. Their subsequent assignment of it was a nullity. The plaintiffs’ only remedy, on the facts as they appear in the case before us, is against the drawer of the bill. The referee decided correctly, and the judgment entered upon Ms report must be affirmed.